IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
07/12/2011

| | | |
|---|---|---|
| IN RE: § | | |
| WINIFRED C. HARRIS, § | Case No. 10-39586 | |
|     Debtor(s). § | | |
| § | Chapter 13 | |
| § | | |
| WINIFRED C. HARRIS, § | | |
|     Plaintiff(s) § | | |
| § | | |
| VS. § | Adversary No. 10-3684 | |
| § | | |
| WELLS FARGO BANK, N.A.; aka § | | |
| WACHOVIA MORTGAGE, A DIVISION § | | |
| OF WELLS FARGO BANK, NA; aka § | | |
| WACHOVIA MORTGAGE FSB; aka § | | |
| WORLD SAVINGS BANK, FSB, § | | |
|     Defendant(s). § | Judge Isgur | |

## MEMORANDUM OPINION

Winifred Harris has sued Wells Fargo Bank N.A. ("Wells Fargo") for breach of contract, estoppel, and fraud. Wells Fargo seeks summary judgment on the breach of contract and estoppel claims. Wells Fargo also moves to dismiss the fraud claim for failure to plead with particularity as required by Fed. R. Civ. P. 9(b). The Court grants Wells Fargo's motion for summary judgment on the breach of contract and estoppel claims. Harris may amend her complaint to plead fraud with particularity.

### Background

Wells Fargo foreclosed on Harris's homestead on September 7, 2010. Harris filed for chapter 13 bankruptcy on October 28, 2010. She filed this adversary proceeding on December 22, 2010, seeking damages for reliance on Wells Fargo's representation that her homestead would not be foreclosed. Harris asserts claims for breach of contract, estoppel, and fraud. Harris

seeks to have the foreclosure declared invalid and set aside, and seeks additional monetary damages of $25,000.00.

On April 1, Wells Fargo filed a motion for summary judgment and motion to dismiss pursuant to Rule 9(b). Harris filed an untimely response to the motion for the summary judgment on April 27, 2011. On April 28, 2011, Wells Fargo filed a motion to strike the untimely response. The Court denied the motion to strike at a hearing on June 9, 2011. The Court orally ruled that summary judgment would be granted on the breach of contract and estoppel claims. This memorandum opinion provides a written explanation of the Court's oral ruling.

Harris filed an amended complaint on June 29, 2011. ECF No. 34. This opinion deals with Wells Fargo's motion for summary judgment with respect to the original complaint. Any issues relating to the amended complaint will be dealt with at a later time.

## Harris's Allegations[1]

In March of 2010, Harris faced foreclosure on her home by Wells Fargo. Between March 1, 2010 and the date of the bankruptcy petition, Harris called Wells Fargo to negotiate and confirm a forbearance agreement on her mortgage. Compl. ¶ 5, ECF No. 1, at 2.

Wells Fargo advised Harris that she qualified for reconsideration of a loan modification, and that the documents necessary for reapplying were prepared and being sent. Compl. ¶ 6, ECF No. 26-1, at 2. A repayment plan would be presented to Harris if a modification of the current mortgage was not possible. Compl. ¶ 6, ECF No. 1, at 3.

As the scheduled foreclosure date of September 7, 2010 approached, Harris again became concerned. She contacted a Wells Fargo agent on September 6, 2010. The Wells Fargo agent

---

[1] The Court reports Harris's allegations solely for the purposes of providing background on Harris's claims. At summary judgment, the Court does not assume that Harris's allegations are true, but does look at the summary judgment evidence in the light most favorable to Harris, the non-movant. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009).

told Harris that the agent would contact Wells Fargo's attorneys and inform them of the agreed cancellation for the September 7, 2010 foreclosure.  Pl's Aff. ¶ 7, ECF No. 26-1, at 2.

In the same conversation, Harris offered to make payments, but the Wells Fargo agent told Harris to wait until Harris had signed the agreement.  Harris says that she would have filed for bankruptcy on September 6 to stop the foreclosure had she not been promised by the Wells Fargo agent that the foreclosure proceedings were canceled.  Pl's Aff. ¶ 7, ECF No. 26-1, at 2.

Harris alleges that Wells Fargo wrongfully foreclosed on her home on September 7, 2010 without proper notice.  Compl. ¶ 7, ECF No. 1, at 3.  Harris further alleges that the foreclosure was wrongful as a breach of the purported forbearance agreement.  Compl. ¶ 8, ECF No. 1, at 3. Harris argues that even if the court finds the forbearance agreement to be unenforceable, estoppel should apply against Wells Fargo.  Compl. ¶ 9, ECF No. 1, at 3.

## Summary Judgment Evidence

Wells Fargo provides the following summary judgment evidence: (i) the note between Harris and World Savings Bank, FSB (Wells Fargo's predecessor-in-interest); (ii) the deed of trust; (iii) Harris's responses to interrogatories; (iv) Harris's responses to requests for production; and (v) the affidavit of Barbara Valdez-Rodrigues, Vice President of Wells Fargo Loan Documentation.

According to Wells Fargo, any oral agreement would violate a provision of the deed of trust that prohibits oral modifications.  Wells Fargo's affidavit also states that there was no written forbearance agreement or written loan modification between the parties.

Harris's summary judgment evidence includes: (i) the affidavit of Winifred Harris; and (ii) Harris's testimony at the December 29, 2010 hearing on Defendant's motion to lift the stay. Harris states that these two pieces of evidence are sufficient to defeat Wells Fargo's motion for summary judgment.  Pl's Resp. to Mot. Summ. J. ¶ 8, ECF No. 26, at 3.

## Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Fed. R. Bankr. P. 7056 incorporates Rule 56 in adversary proceedings.

A party seeking summary judgment must demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine dispute of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009). Nevertheless, the Court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the fact.[2] Fed. R. Civ. P. 56(c)(1). The Court need consider only the cited materials, but it may consider other materials in the record. Fed. R. Civ. P. 56(c)(3). The Court should not weigh the evidence. A credibility determination may not be part of the summary judgment analysis. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). However, a party

---

[2] If a party fails to support an assertion or to address another party's assertion as required by Rule 56(c), the Court may (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if, taking the undisputed facts into account, the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e).

may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. Fed. R. Civ. P. 56(c)(2).

"The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008). The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial. *Malacara*, 353 F.3d at 403. Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine dispute of material fact. *Sossamon*, 560 F.3d at 326. The non-moving party must cite to specific evidence demonstrating a genuine dispute. Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986). The non-moving party must also "articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004). Even if the movant meets the initial burden, the motion should be granted only if the non-movant cannot show a genuine dispute of material fact.

If the non-movant bears the burden of proof of an issue, the movant must show the absence of sufficient evidence to support an essential element of the non-movant's claim. *Norwegian Bulk Transp. A/S*, 520 F.3d at 412. Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case. *Celotex*, 477 U.S. at 324. The motion should be granted only if the non-movant cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

**Analysis**

The Court grants summary judgment on the breach of contract and estoppel claims. The statute of frauds renders any oral forbearance agreement unenforceable. The doctrine of estoppel provides an exception to the statute of frauds, but estoppel applies in this type of situation only when a party orally agrees to sign a written contract that has already been prepared. Harris does not allege that Wells Fargo entered into a written forbearance agreement or that it orally agreed to sign a written forbearance agreement. Harris therefore has no claim for breach of contract or estoppel. Finally, Harris's fraud claim has not been pleaded with particularity. Harris may amend her complaint to plead fraud with particularity.

*1. Breach of Contract – Oral Forbearance Barred by Statute of Frauds*

Wells Fargo seeks summary judgment on the issue of whether the statute of frauds bars Harris's breach of contract claim. The Court grants Wells Fargo's motion for summary judgment on the breach of contract claim. An oral forbearance agreement is unenforceable under the statute of frauds, and Harris has not alleged that there was a written agreement.

To prevail on a claim for breach of contract, the contract must be enforceable. The purported forbearance agreement would not have been enforceable unless it was in writing. Under Texas law, "[a] loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." Tex. Bus. & Com. Code § 26.02(b).

"Loan agreement" means any promise "to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or another thing of value or to otherwise extend credit or make a financial accommodation." Tex. Bus. & Com. Code § 26.02(a)(2). The purported forbearance agreement meets the definition of a "loan agreement."

*Bank of Texas, N.A. v. Gaubert*, 286 S.W.3d 546, 556 (Tex. App.—Dallas 2009, pet. dism'd w.o.j.) (applying § 26.02 to modifications that include agreements to delay repayment). The purported agreement is therefore unenforceable unless it is in writing and signed by the party to be bound—Wells Fargo.

Harris has not produced any evidence to show that the purportedly breached contracts were written and signed. Harris does not challenge the fact that there is no written and signed forbearance and foreclosure cancellation agreement. Rather, Harris argues that the oral forbearance agreement does not fall under the statute of frauds because it was to be performed within one year. ECF No. 26, at 2. That statement is incorrect. Section 26.02(b) applies to all loan agreements involving more than $50,000 in value, regardless of whether the agreement is to be performed within one year. *See* Tex. Bus. & Com. Code § 26.02(b) ("A loan agreement in which the amount involved in the loan agreement exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative.").

Even if Harris's assertions about the oral forbearance agreement are true, there is no enforceable contract. Harris's breach of contract claim therefore fails.[3]

## 2. *Estoppel*

Estoppel has been recognized as an exception to the statute of frauds, but it is inapplicable here. Harris claims estoppel based on her reliance on Wells Fargo's statements and the purported oral agreements.

---

[3] Wells Fargo also refers to a provision in the loan documents that expressly states that "there are no unwritten oral agreements between the parties." Mot. Summ. J. ¶ 4, ECF No. 22, at 9. Because the Court decides that the alleged forbearance agreement would be unenforceable under the statute of frauds, the Court does not decide whether an oral agreement was also prohibited by the loan documents.

Promissory estoppel does not apply here because Harris does not allege that Wells Fargo promised to sign a written agreement. For promissory estoppel to create an exception to the statute of frauds, there must have been a promise to sign an existing written agreement that had already been prepared. *'Moore' Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934, 940 (Tex. 1972). *E.g., Southmark Corp. v. Life Investors, Inc.*, 851 F.2d 763, 766 (5th Cir. 1988); *Sullivan v. Leor Energy*, 2006 WL 2792909 (S.D. Tex. 2006), *aff'd*, 600 F.3d 542 (5th Cir. 2010). Harris incorrectly reads *Nagle v. Nagle*,[4] *Birenbaum v. Option Care, Inc.*,[5] and *'Moore' Burger*.[6] In each of those cases, the court denied estoppel because the purported promise was not a promise to sign an existing document.

The *'Moore' Burger* court stated that the promissory estoppel exception narrowly applies to cases where the promise was "to sign a written agreement which itself complies with the statute of frauds":

> Respondents read the Court's opinion to make any promise enforceable . . . This is not the holding. The promise which is determinative here is the promise to sign a written agreement which itself complies with the statute of frauds. No other promise was discussed by the Court . . . This is the significance of the emphasis upon Section 178, comment f, Restatement, Contracts, and the citation to *Cooper Petroleum Co. v. La Gloria Oil and Gas Co.*, 436 S.W.2d 889, 896 (Tex.1969), where 'the promise was to sign a written guaranty, and a written guaranty would have been enforceable.'

492 S.W.2d at 940 (on motion for rehearing).

The court in *Gaubert,* 286 S.W.3d 546, similarly refused to apply estoppel on the basis of an oral agreement. Gaubert alleged that the Bank violated one or more oral agreements to extend

---

[4] 633 S.W.2d 796, 800 (Tex. 1982) (estoppel exception to statute of frauds was not applicable because it was not claimed that defendant had promised to sign a settlement agreement).

[5] 971 S.W.2d 497, 503 (Tex. App.—Dallas 1997, pet. denied) (summary judgment granted to defendant because evidence did not raise fact issue on whether defendant promised to sign an existing document).

[6] 492 S.W.2d at 940.

a loan for four months. On the basis of these oral agreements, Gaubert asserted the promissory estoppel exception to the statute of frauds. Because there was no evidence that the Bank promised to sign an existing agreement that satisfied the statute of frauds, the court found no evidence to support estoppel. *See also Ellen v. F.H. Partners*, 2010 WL 4909973 (Tex. App.—Austin 2010).

Here, as in *Gaubert*, there was neither an existing written forbearance agreement nor an existing written agreement to cancel the foreclosure proceeding. Harris's affidavit states that on September 6, 2010, a Wells Fargo agent told Harris that she would contact their attorneys and inform them that they had agreed to cancel the foreclosure date of September 7, 2010. Pl's Aff. ¶ 7, ECF No. 26-1, at 2. However, Harris provides no evidence that there was a promise by Wells Fargo to sign an existing document. A mere promise to prepare a written contract is not sufficient. *Beta Drilling, Inc. v. Durkee*, 821 S.W.2d 739, 741 (Tex. App.—Houston [14th Dist.] 1992, writ denied). Harris has not provided any evidence that there was a written agreement, and Wells Fargo has stated in their affidavit that no such documents exist. Def's Aff., ECF No. 22-5, at 2.

Harris does provide evidence that Wells Fargo advised Harris that she qualified for reconsideration of a loan modification. Harris was still required to reapply for the modification, and the application documents were being mailed to her. Pl's Aff. ¶ 6, ECF No. 26-1, at 2. But again, there was no promise that any of the documents would be signed by Wells Fargo, and therefore there is no basis for applying promissory estoppel.

Harris argues in her response that she is a relatively uninformed individual regarding the requirements of the statute of frauds. Pl's Resp. to Mot. Summ. J. ¶ 1, ECF No. 26, at 1. Harris's knowledge of the statute of frauds is irrelevant. *Cf. Chevalier v. Lane's, Inc.*, 213 S.W.2d 530, 533 (Tex. 1948) ("The legislature naturally contemplated that [the statute of frauds]

would impose hardship on those who might contract in ignorance of its terms. But the . . . . courts must give heed to that policy[.]").

Estoppel does not apply here, and the statute of frauds precludes the enforcement of the purported agreements.

### 3. *Common Law Fraud Claim*

Wells Fargo moves to dismiss Harris's fraud claim because of failure to plead with particularity as required by Federal Rule of Civil Procedure 9(b). The Court denies Wells Fargo's motion to dismiss. Instead, Harris is permitted to amend her complaint to plead fraud with particularity.

A fraud claim must meet both the plausibility requirement under Rule 8(a)(2) and the particularity requirement of Rule 9(b). Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955).

Under Fed. R. Civ. P. 9(b), fraud claims must also be pleaded with particularity. *See Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997) (noting that Rule 9(b) must be read in conjunction with Rule 8(a)). "What constitutes 'particularity' will necessarily differ with the facts of each case and hence the Fifth Circuit has never articulated the requirements of Rule 9(b) in great detail." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir.1992). However, it is well-settled that the particularity standard requires "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation why they are fraudulent." *Brown v. Bilek*, 2010 WL 4561397, at *4 (5th Cir. Nov. 12, 2010). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams*, 112 F.3d 175, 177 (5th Cir. 1997) (citing *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993)).

The elements of common law fraud are: (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001).

Harris does not plead these elements with particularity. Harris claims that Wells Fargo, through its agents, made false representations that the foreclosure proceedings were cancelled. Compl. ¶ 19, ECF No. 1, at 4. Harris asserts that Wells Fargo made such representations with


the knowledge that Wells Fargo was not entering into any kind of forbearance and that they would foreclose. Compl. ¶ 21, ECF No. 1, at 4. Harris alternatively asserts that Wells Fargo made false representations positively without knowledge of the truth. Compl. ¶ 22, ECF No. 1, at 4. These allegations are not enough.

Harris's response to Wells Fargo's motion for summary judgment argues that all of the elements of fraud are pleaded in the complaint. Harris also refers to her affidavit and testimony from the December 29, 2010 hearing on Defendant's motion to lift stay. Pl's Resp. to Mot. Summ. J. ¶ 8, ECF No. 26, at 3.

Harris's affidavit states:

> I was assured by the agent I discussed this matter with on September 6, 2010 that she would contact their attorneys and inform them that we had agreed to cancel the foreclosure date of September 7, 2010 . . . . I would have filed bankruptcy to stop the foreclosure had I not been promised by the representative of Wells Fargo Bank that the foreclosure proceedings were cancelled.

Pl's Aff. ¶ 7, ECF No. 26-1, at 2.

The complaint does not plead all of the elements of fraud, even when supplemented by the statements in the affidavit. Specifically, Harris has not pleaded which representations she alleges were false, whether Wells Fargo knew the representations were false, or whether Wells Fargo made the representations recklessly without any knowledge of the truth and as a positive assertion.

Harris's bare allegation that an agent of Wells Fargo made misrepresentations is not sufficiently particular. Harris does not provide enough information to identify the agent because she does not state which telephone number she called or why she believed the person she spoke to was a Wells Fargo agent. She is not required to state the name of the agent. *See Howard v. Cycare Sys., Inc.*, 128 F.R.D. 159, 164 (D. Mass 1989) (finding "no violation of Rule 9(b) in the

failure of the plaintiff to identify the specific agent of the defendant who made each misrepresentation" and noting that it was not plausible that "specification of the identity of the defendant's agents is necessary in order for the defendant to understand the basis of the fraud claim and to be able to respond to it"). However, she is required to plead sufficient facts to allow the defendant to identify the agent. The Court concludes that the identity of the speaker is sufficient if the plaintiff identities the date of the phone call, the telephone number that was called, and the basis for believing that the speaker was a representative of the defendant. The Court's experience is that calls of this nature are routinely logged by banks and that the foregoing information would be sufficient for Wells Fargo to identify the individual by name.

Harris's complaint states the date of the phone call. It does not, however, state the telephone number called or the basis for believing that the speaker was a Wells Fargo agent. The information is therefore insufficient.

Additionally, Harris did not identify which statements were allegedly misrepresentations. Rule 9(b) requires identification of the contents of the alleged misrepresentations. *See Williams*, 112 F.3d at 177 (stating that at a minimum, Rule 9(b) requires that the plaintiffs specify the particulars of "time, place, and contents of the false representations") (citing *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir.1994)).

In Harris's answers to interrogatories, Harris states that she is "diligently searching telephone records and will supplement when found." Interrog. Resp. ¶ 3, ECF No. 22-3, at 3. However, Harris still has not produced the phone records. The most specific information Harris offers is her phone conversation with a Wells Fargo agent on September 6, 2010. Pl's Aff. ¶ 7, ECF No. 26-1, at 2. The details of that conversation fail to show which specific statements Harris is challenging as fraudulent.

The Court will allow Harris to replead the fraud claims. "Although a court may dismiss the claim [for failure to meet Rule 9(b)'s pleading requirements], it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (citing *O'Brien v. Nat'l Prop. Analysts Partners*, 936 F.2d 674, 675-76 (2d Cir. 1991)); *see* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely granted when justice so requires").

## Conclusion

Wells Fargo's motion for summary judgment is granted on the breach of contract claim and the estoppel claim. Harris may amend the complaint to plead fraud with particularity. Failure to do so will result in dismissal of the fraud claim.

SIGNED **July 11, 2011.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE